UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KEITH C. CELEBREZZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-CV-47 |
| | ) |
| JOHN P. KONVALINKA, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint [doc. 12] and Defendant's Response in Opposition [doc. 14]. For the reasons herein, the Court will grant the motion, and the Court will deny as moot Defendants' Motion to Dismiss [doc. 6] and Defendant's Motion for Sanctions [doc. 10].

### I. BACKGROUND

Plaintiff Keith C. Celebrezze ("Mr. Celebrezze") alleges that in a state court proceeding John P. Konvalinka, Esq. ("Mr. Konvalinka") snookered the trial judge into entering an award of attorney's fees against him. [Compl., doc. 1, at 4, 5]. Specifically, he maintains that Mr. Konvalinka committed fraud by "deleting and omitting" the terms of an unspecified contract and "replacing them with fraudulent terms he invented." [*Id.* at 4]. As a result, he brings this pro-se action against Mr. Konvalinka for what appears to be fraud upon the court, claiming that Mr. Konvalinka's alleged "fraudulent misrepresentation of

the contract" "mislead [sic] the trial judge" and caused her to enter an "erroneous order." [*Id.* at 4–5].

Mr. Konvalinka moved to dismiss Mr. Celebrezze's Complaint and moved for sanctions based on the Complaint's allegations. [Mot. Dismiss at 1–3; Mot. Sanctions at 1–3]. Mr. Celebrezze then requested leave to amend his Complaint so he could "more appropriately describe Defendant's tortious misconduct." [Mot. Amend at 1]. He also asks to add other claims, including intentional misrepresentation, conversion, civil conspiracy, constructive fraud, gross negligence, inducement to breach a contract, malicious harassment, misrepresentation by concealment, and negligence per se. [*Id.* at 2–11]. Mr. Konvalinka opposes Mr. Celebrezze's request to amend his Complaint, arguing that his newly proposed claims are futile because they cannot survive a motion to dismiss. [Def.'s Resp. at 4–8].

## II. FEDERAL RULE OF CIVIL PROCEDURE 15

Federal Rule of Civil Procedure 15(a)(2) states that if a party can no longer amend his pleading as a matter of course, he may do so "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) "embodies a 'liberal amendment policy,'" requiring courts to "freely give leave when justice so requires." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quotation omitted). To determine whether to grant leave under this liberal policy, courts weigh several factors: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility

of amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

"A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quotation omitted). In determining whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). In cases in which a plaintiff is acting pro se, a court must "liberally construe[]" the pleading and not reject it because it is "unartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

### III. ANALYSIS

In arguing that Mr. Celebrezze's proposed amendment is futile, Mr. Konvalinka asserts that the Court lacks subject matter jurisdiction over the newly conceived claims under the *Rooker-Feldman* doctrine, [Def.'s Resp. at 4–9],[1] which "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision," *Luber v. Sprague,* 90 F. App'x 908, 910 (6th Cir. 2004) (citations omitted). But there is "an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings." *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986). "A federal court 'may entertain a collateral attack on a state court judgment which is alleged

---

[1] Mr. Konvalinka, separately, argues that Mr. Celebrezze's claim for malicious harassment is futile for different reasons. [Def.'s Resp. at 7–8].

3

to have been procured through fraud, deception, accident, or mistake[.]'" *Id.* (quoting *Resolute Ins. Co. v. North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)); *see Simon v. S. Ry. Co.*, 236 U.S. 115, 116, 122 (1915) (concluding that the federal courts have jurisdiction to enjoin a party "from enforcing a judgment alleged to have been fraudulently obtained by him in a state court").[2]

At least some of Mr. Celebrezze's new claims, taken as true, meet this exception because he asserts that Mr. Konvalinka procured the state-court judgment by fraudulent means. [Mot. Amend. at 2–3, 6].[3] As a result, the Court is loath to reject Mr. Celebrezze's proposed amendment as futile, even if his remaining non-fraud-based claims could not withstand a motion to dismiss. *See Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *3 (M.D. Tenn. Mar. 19, 2012) ("[W]hether an amended [complaint] is futile depends upon whether the complaint states *any* claim that entitles the pleader to relief." (citations omitted)); *see also Optigen, LLC v. Int'l Genetics, Inc.*, 777 F. Supp. 2d 390, 399 (N.D.N.Y. 2011) ("With regard to the futility prong, 'the proposed amended complaint [need only be] sufficient as to some claims' for the request to not be futile." (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007))).

---

[2] Because this exception deals with the Court's subject matter jurisdiction, the Court has license to raise it sua sponte. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself."). The Court, however, offers no opinion as to whether Mr. Celebrezze's claims are timely under this exception.

[3] The Court notes that Mr. Konvalinka does not argue, in opposing Mr. Celebrezze's request to amend his Complaint, that Mr. Celebrezze's newly proposed claims are futile because they are not plausible claims under Federal Rules of Civil Procedure 8 or 9. Rather, he argues that they are futile because they violate the *Rooker-Feldman* doctrine.

4

The Court will therefore permit Mr. Celebrezze to amend his Complaint, and in doing so, it will deny as moot Mr. Konvalinka's Motion to Dismiss. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes." (citation omitted)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000))). Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors*, 731 F.3d at 589, the Court will also deny as moot Mr. Konvalinka's Motion for Sanctions, which concerns the merit of the allegations in the original Complaint,[4] *see Essroc Cement Corp. v. CPRIN, Inc.*, No. 1:08-cv-974, 2009 WL 129809, at *2 (W.D. Mich. Jan. 20, 2009) ("Because the original 'complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of [the] claims . . . asserted therein.'" (quotation omitted)); *cf. Faulkner v. Transp. Made Simple, Inc.*, No. 09-2233- D/P, 2010 WL 711152, at *1 (W.D. Tenn. Jan. 28, 2010) ("A motion for default judgment based on an entry of default on an earlier complaint becomes moot once the amended complaint is filed." (citations omitted)); *Riley v. Fritz*, No. 1:08-cv-828, 2009 WL 261257, at *2 (W.D. Mich. Feb. 4, 2009) ("[J]ust as a motion to dismiss

---

[4] Mr. Konvalinka moved "for the imposition of sanctions against Plaintiff Keith C. Celebrezze ("Plaintiff") relative to the filing of the Plaintiff's Complaint," which he claims "violate[s] the standards set forth in Rule 11 and constitute[s] sanctionable conduct." [Mot. Sanctions at 1].

a complaint becomes moot when the complaint is superseded, the R&R here became moot when the original complaint was superseded." (footnote and citations omitted)).

## IV. CONCLUSION

Mr. Celebrezze is entitled to amend his Complaint under Rule 15(a)(2)'s liberal amendment policy. The Court Orders as follows:

1. Mr. Celebrezze's Motion for Leave to Amend Complaint [doc. 12] is **GRANTED**. Within twenty-one days from the date of this Order, Mr. Celebrezze **SHALL** serve his amended complaint.[5]

2. Mr. Konvalinka's Motion to Dismiss [doc. 6] is **DENIED as moot**.

3. Mr. Konvalinka's Motion for Sanctions [doc. 10] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[5] Mr. Celebrezze has not attached his proposed amended complaint to his Motion to Amend, in violation of Local Rule 15.1. The Court will overlook Mr. Celebrezze's oversight but highly encourages him to read this Court's local rules if he intends to remain a pro-se litigant. *See Kozak v. Lake State Ry. Co.*, No. 09-CV-14695, 2010 WL 2573370, at *1 (E.D. Mich. May 24, 2010) ("When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation."). From this point forward, the Court considers Mr. Celebrezze to be on notice of its local rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (footnote omitted)).