# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KEITH C. CELEBREZZE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-47 |
| JOHN P. KONVALINKA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's motion for reconsideration [doc. 34] of this Court's order dismissing the case for Plaintiff's failure to comply with the Court's order to file a status report by May 25, 2018 [doc. 32]. Defendant has filed a response in opposition to the motion [doc. 38]. For the reasons stated below, Plaintiff's motion for reconsideration will be denied.

### I.   Background

In February 2017, the plaintiff, Keith Celebrezze, filed suit against attorney John Konvalinka, alleging that, in the course of a state court proceeding, Defendant had manipulated the trial judge into entering an award of attorney's fees against Plaintiff. [Doc. 1 at 4-5]. Plaintiff later filed a motion to amend his complaint, which this Court granted on January 8, 2018, ordering Plaintiff to serve his amended complaint within 21 days of the order. [Doc. 15 at 6].

On February 2, 2018, Defendant filed a motion to dismiss, arguing that Plaintiff had failed to comply with the Court's January 8 order, because he had not filed his amended

complaint, which was due by January 29, 2018. [Doc. 18 at 2-3]. On February 5, 2018, this Court ordered Plaintiff to show cause as to why the Court should not dismiss the action based on Plaintiff's failure to comply with the Court's order to file his amended complaint by January 29, 2018. [Doc. 19 at 1].

On February 8, 2018, the Court received Plaintiff's amended complaint, which was post-marked January 29, 2018. [Doc. 20; Doc. 20-1]. Several days later, Plaintiff responded to the Court's show cause order, stating that he had mailed his amended complaint on January 29, 2018, the date that such was due, but, upon checking the tracking information for his package with the postal service, learned that it was delayed. [Doc. 23 at 1-2].

Thereafter, the Court entered a second show cause order, requiring Plaintiff to show good cause for his failure to comply with the Court's January 8 order. [Doc. 25 at 3]. The Court explained that it had plainly ordered Plaintiff to serve his amended complaint no later than January 29, 2018, not to present it to the local post office for shipment on that date. [*Id*. at 2]. The Court stated that Plaintiff's first explanation for his failure to comply with the Court's readily comprehensible order was not an adequate showing of cause. The Court thus afford Plaintiff "a second—and final—opportunity to make the requisite showing of good cause." [*Id*.].

Plaintiff responded, stating that the Court had indicated in its show cause order that, to properly serve Defendant, he only needed "to mail it to the Clerk for filing" no later than

January 29, 2018,[1] which he did. [Doc. 26 at 1]. He asserted that, in the past, the same method had resulted in a successful transmission in a few days, and he was unsure what had caused the extraordinary delay. [*Id.*].

Prior to any ruling on the show cause order, Plaintiff filed a motion to stay the action. [Doc. 29]. Plaintiff stated that he was being held in the Macon County, North Carolina jail, and was unable to attend to the instant civil action. [*Id.* at 1]. Plaintiff asserted that he would only remain in jail for a few weeks. [*Id.*]. Defendant responded in opposition. [Doc. 31]. On March 26, 2018, this Court granted the motion to stay. [Doc. 32 at 1]. However, this Court ordered Plaintiff to file a status report no later than May 25, 2018, apprising the Court of the legal proceedings against him in North Carolina, and his ability to prosecute the instant case. The Court warned Plaintiff that failure to comply with the order could result in the case's dismissal without further notice. [*Id.*].

On May 30, 2018, this Court dismissed the case for failure to comply with the March 26 order. [Doc. 33]. This Court stated that, despite its prior order, Plaintiff had not filed a status update by the required deadline of May 25. [*Id.* at 1]. Thus, the Court ordered the case dismissed. [*Id.*].

Plaintiff then filed the instant request to reinstate his civil action, asserting that he mailed his status update on May 23, 2018, through prison officials, and the status update

---

[1] This Court said no such thing. This Court stated that, because Defendant is a registered user of this Court's Electronic Filing System, to properly serve Defendant with the amended pleading, Plaintiff simply had to mail the amended complaint to the Clerk for filing. [Doc. 25 at 1, n.1]. This Court did not say that Plaintiff could achieve timely service of the amended complaint by submitting his amended complaint to the post office on the filing deadline.

3

must have been lost or intercepted. [Doc. 34 at 1]. Plaintiff states that he provided his status update to Corporal Brent Ledford, at the Macon County jail, who submitted it for mailing. Plaintiff further alleges that Defendant may have caused his status update to be intercepted. [*Id*.]. Plaintiff states that he has attached the prison mail log, a copy of his status update, and a copy of "related requests." [*Id*. at 2]. However, no copy of a prison mail log is attached. Plaintiff does attach letters he sent to the executive director of the American Civil Liberties Union and Federal Bureau of Investigation Director Christopher Wray about his situation. [Doc. 34-1]. Additionally, on the final page of his motion, Plaintiff includes what purports to be a sworn statement from Corporal Ledford, stating that Plaintiff provided him with a letter to this Court on May 23, 2018, which was mailed, and the failure of delivery occurred by some "unknown means, on the Chattanooga end." [Doc. 34 at 5].

In the attached status report, Mr. Celebrezze raises various complaints about his imprisonment in North Carolina, and insinuates that Defendant and his associates are somehow involved in the criminal charges against him. [Doc. 35 at 1-2]. Mr. Celebrezze states that his bond amount had been "artificially manipulated" and he was not able to pay it, thus, he remained in jail until a bond hearing set for July. [*Id*. at 3]. Mr. Celebrezze concludes that he would be ready for trial against Defendant in the instant case in July. [*Id*. at 5]. Mr. Celebrezze's status report is hand-written, and he writes the date of May 23, 2018 by his signature, but also writes that the document was "reprinted 5/31/18." [*Id*. at 5-6].

Defendant responds in opposition, asserting that, to the extent that Plaintiff's motion is filed pursuant to Rule 59(e), he has not pointed to any manifest error of law or any newly discovered evidence to support such a motion. [Doc. 38 at 2-3]. To the extent that Plaintiff's motion is a Rule 60(b) motion, Defendant asserts that the only possible grounds on which Plaintiff could plausibly be relying are Rule 60(b)(3), based on fraud, misrepresentation, or misconduct of the opposite party, or Rule 60(b)(6), providing relief for any other reason that justifies relief. [*Id*. at 3-5]. As to Rule 60(b)(3), Defendant argues that Plaintiff has not shown that Defendant engaged in fraud, misrepresentation, or misconduct by clear and convincing evidence. [*Id*. at 4-5]. As to Rule 60(b)(6), Defendant argues that Plaintiff has not presented clear and convincing proof of any exceptional or extraordinary circumstances that warrant application of this subsection. [*Id*. at 5-6].

## II.     Analysis

Plaintiff has not stated under which federal rule he seeks relief. Accordingly, this Court will address all of the potentially applicable rules under which Plaintiff may be entitled to relief.

### A. Rule 59(e)

Federal Rule of Civil Procedure 59(e) states that a party may file a motion to alter or amend the judgment within 28 days from an entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted). A party should state with clarity the

basis for its motion, but where the facts and law are clear, the court will apply the appropriate ground. *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005). A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Leisure Caviar, LLC*, 616 F.3d at 615. However, a Rule 59(e) motion "'run[s] contrary" to notions of "finality and repose," and therefore, is "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007).

Here, Mr. Celebrezze has not stated with clarity any basis under Rule 59(e) for his motion, and the facts and law are not clear as to any grounds under Rule 59(e) that may be applicable in the instant case. Mr. Celebrezze's main contention is that he timely mailed his status report to this Court, but his filing was not received, resulting in the dismissal of the case for failure to comply. Such argument is not based on a clear error of law or an intervening change in controlling law.

To the extent that Mr. Celebrezze's motion may be based on newly discovered evidence, namely, his discovery that his status report was not delivered, Mr. Celebrezze does not provide any reliable evidence to support his self-serving assertion that he mailed his status report prior to the Court's deadline. Notably, Mr. Celebrezze attaches what purports to be a letter from Corporal Ledford of the Macon County jail, stating that he assisted Mr. Celebrezze in mailing his status report on May 23, 2018. [Doc. 34 at 5]. Although the Court is not a handwriting expert, the letter purportedly written by Corporal Ledford is clearly written in the same handwriting as Mr. Celebrezze's motion, and accordingly, appears to have been written by Mr. Celebrezze, not Corporal Ledford. [*See*

doc. 34]. Thus, this "evidence" is due no weight, and Mr. Celebrezze has provided no other evidence in support of his claim.[2] Accordingly, this Court finds that Mr. Celebrezze is not entitled to relief under Rule 59(e) based on newly discovered evidence.

Additionally, to the extent that Mr. Celebrezze seeks relief under Rule 59(e) based on a manifest injustice, it was not manifestly unjust for this Court to dismiss Mr. Celebrezze's case after he failed to timely submit his status report, particularly in light of Mr. Celebrezze's past difficulties in complying with the Court's orders. Prior to the case being stayed at Mr. Celebrezze's request, Mr. Celebrezze failed to file his amended complaint within the time provided by the Court, and never provided an adequate explanation for his failure to do so, instead insisting that it was acceptable to submit his amended complaint to the post office for mailing on the date that the filing was due to the Court, and insisting that the post office then delayed the mailing. [*See* doc. 23 at 1-2, doc. 26 at 1]. Given Mr. Celebrezze's persistent failures to timely mail his filings, the dismissal of his case based on the Court's non-receipt of the status report was not manifestly unjust. Accordingly, Mr. Celebrezze is not entitled to relief under Rule 59(e).

### B. Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for specific reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] Although Mr. Celebrezze states that he attached a prison mail log to his motion, no mail log is attached.

> (3) fraud, misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must show the applicability of the Rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Determination of a Rule 60(b) motion is within the discretion of the court. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

Mr. Celebrezze does not raise any argument that the judgment was void or that the judgment was satisfied, released, or discharged. *See* Rule 60(b)(4)-(5). Additionally, for the same reasons discussed above, Mr. Celebrezze has not shown that he is entitled to relief based on newly discovered evidence. *See* Rule 60(b)(2). Accordingly, this Court will address whether Mr. Celebrezze has shown entitlement to relief under subsections (1), (3), and (6) of Rule 60(b).

### i. Rule 60(b)(1)

Excusable neglect under Rule 60(b)(1) encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993). When a party seeks relief under Rule 60(b)(1), the court must look at the following circumstances to determine whether relief is appropriate: "the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). In making this determination, courts apply three factors: (1) culpability, that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. *Gumble v. Waterford Township*, 171 F. App'x 502, 506 (6th Cir. 2006) (citing *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)). The party seeking relief "must first demonstrate a lack of culpability before the court examines the remaining two factors." *Gumble*, 171 F. App'x at 506.

Mr. Celebrezze fails to meet the first factor, showing a lack of culpability in the failure of his status report to be timely filed. As discussed previously, Mr. Celebrezze has submitted no reliable evidence indicating that he submitted his status report to prison officials for mailing prior to the Court's deadline. Instead, Mr. Celebrezze submitted a letter, purportedly written by a prison official, but which appears to be written by Mr. Celebrezze. Although Mr. Celebrezze states that a prison mail log is attached to his filing, no such log is attached. Combined together, this lack of evidence leads the Court to

believe that Mr. Celebrezze did not timely file his status report, and thus, he is culpable for the failure of the status report to be timely filed.

However, even assuming that Mr. Celebrezze did timely mail his status report, and that his report was lost in the mail, through no fault of his own, relief under Rule 60(b)(1) is still not appropriate. Notably, the Defendant would be prejudiced by the continued delay in the instant litigation. Mr. Celebrezze filed his initial complaint in the instant litigation in February 2017, which relates to state court litigation between the parties, dating back to 2013. [*See* Doc. 20 at 1-2]. Even assuming that Mr. Celebrezze's underlying complaint has any merit, such would not overcome this prejudice. Accordingly, the Court finds that Mr. Celebrezze is not entitled to relief under Rule 60(b)(1).

ii. Rule 60(b)(3)

Under Rule 60(b)(3), the moving party must show by clear and convincing evidence that the opposing party committed fraud, misrepresentation, or misconduct. *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *9 (6th Cir. 1996) (unpublished). Rule 60(b)(3) requires the moving party to show that the "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding[.]" *Hughes v. Gallion*, No. 2:15-cv-30, 2018 WL 1525841 (E.D. Tenn. Mar. 28, 2018) (internal quotation marks omitted).

Mr. Celebrezze has submitted no evidence, nor less clear and convincing evidence, indicating that Mr. Konvalinka somehow prevented Mr. Celebrezze's timely-filed status report from reaching the Court. Mr. Celebrezze's unsupported speculation that Mr. Konvalinka interfered with the mail is insufficient to merit relief under Rule 60(b)(3).

### iii. Rule 60(b)(6)

Subsection (6) of Rule 60(b) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) will apply only in "unusual and extreme situations where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (emphasis in original).

Mr. Celebrezze is not entitled to relief under Rule 60(b)(6). The circumstances, namely, Mr. Celebrezze's failure to comply with the Court's order to file a status report, and his claim that his status report was lost in the mail, are not exceptional or extraordinary, and are addressed by other clauses of Rule 60(b). As discussed at length above, Mr. Celebrezze has consistently failed to properly respond to the Court's orders and timely file various documents in this litigation, and the instant motion appears to be another contrived excuse for Mr. Celebrezze's failure to comply. Thus, the principles of equity do not mandate relief, and this Court finds that Mr. Celebrezze is not entitled to relief under Rule 60(b)(6).

### III. Conclusion

Accordingly, for the forgoing reasons, Plaintiff's motion for reconsideration [doc. 34] will be denied. An order consistent with this opinion will be entered.

s/ Leon Jordan  
United States District Judge